Jonathan B. Lee, Esq.
Nevada Bar No. 13524
**RICHARD HARRIS LAW FIRM**
801 South Fourth St.
Las Vegas, Nevada 89101
Telephone: (702) 444-4444
Fax: (702) 444-4455
Email: jlee@richardharrislaw.com
*Attorneys for Plaintiff*
*Soo Fun Gomberg*

RICHARD HARRIS LAW FIRM

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| SOO FUN GOMBERG, an individual;<br><br>Plaintiff,<br><br>vs.<br><br>COSTCO WHOLESALE CORP., a Washington corporation; DOE/ROE OWNER/OPERATORS 1-5; DOE/ROE PROPERTY MANAGERS 6-10; DOE/ROE MAINTAINERS 11-15; DOE EMPLOYEES 16-20; inclusive and jointly,<br><br>Defendant. | CASE NO.: 2:26-cv-02473<br><br>**STIPULATION AND ORDER TO EXTEND DISCOVERY DEADLINES**<br><br>**(Second Request)** |

Pursuant to Local Rules of Practice for the United States District Court for the District of Nevada ("LR") 26-3, it is hereby stipulated and agreed by and between the parties hereto, by and through their respective counsel, that the discovery deadlines shall be extended in this matter by an additional sixty (60) days.

Local Rule 26-3 indicates in relevant part:

> LR 26-3. EXTENSION OF SCHEDULED DEADLINES
> A motion or stipulation to extend any date set by the discovery plan, scheduling order, or other order must, in addition to satisfying the requirements of LR IA 6-1, be supported by a showing of good cause for the extension. A motion or stipulation to extend a deadline set forth in a discovery plan must be received by the court no later than 21 days before the expiration of the subject deadline. A request made within 21 days of the subject deadline must be supported by a showing of good cause. A request made after the expiration of the subject deadline will not be granted unless the movant also demonstrates that the failure to act was the result of excusable neglect. A motion or stipulation to extend a discovery deadline or to reopen discovery must include:
>
> (a) A statement specifying the discovery completed;

RICHARD HARRIS LAW FIRM

(b) A specific description of the discovery that remains to be completed;

(c) The reasons why the deadline was not satisfied, or the remaining discovery was not completed within the time limits set by the discovery plan; and

(d) A proposed schedule for completing all remaining discovery.

*See* Local Rule 26-3.

Pursuant to Local Rule 6-1(b), the parties hereby believe that this is the ***first*** discovery extension requested in this matter. Further: 1) there is no danger of prejudice as the parties stipulate the extension; 2) a sixty (60) day extension will not impact the trial date because the same has not been scheduled; and 3) the requested extension is made in good faith by both Parties. *Pioneer Investment Services v. Brunswick Associates, Ltd.*, 507 U.S. 380, 395 (1993).

## I. DISCOVERY COMPLETED TO DATE

The parties have participated in the following discovery to date:

1. The parties have conducted a Rule 26(f) conference and served their respective Rule 26(a)(1) disclosures on August 26, 2026.

2. Plaintiff's Fed. R. Civ. P. 26(a)(1) initial disclosures on September 9, 2026;

3. Defendant's Fed. R. Civ. P. 26(a)(1) initial disclosures on September 4, 2026;

4. Plaintiff served its First Set of Interrogatories to Defendant on August 27, 2026;

5. Plaintiff served its First Set of Requests for Production to Defendant on August 27, 2026;

6. Plaintiff served its First Set of Requests for Admission to Defendant on August 27, 2026;

7. Defendant served its First Set of Interrogatories to Plaintiff on September 8, 2026;

8. Defendant served its First Set of Requests for Production to Plaintiff on September 8, 2026;

9. **Plaintiff served its Responses to Defendant's First Set of Interrogatories on October 8, 2026;**

10. **Plaintiff served its Responses to Defendant's First Set of Requests for Production on October 8, 2026;**

11. **Defendant served its Responses to Plaintiff's First Set of Interrogatories on**

**October 9, 2026;**

12. **Defendant served its Responses to Plaintiff's First Set of Requests for Production on October 9, 2026;**

13. **Defendant served its Responses to Plaintiff's First Set of Requests for Admissions on October 9, 2026;**

14. **Defendant served its first supplement to its initial disclosures on October 9, 2026;**

15. **Plaintiff served her first supplement to her initial disclosures on October 22, 2026;**

16. **Shortly after Plaintiff received Defendant's written discovery responses and first supplemental disclosure, the parties exchanged proposed topics for the Defendant's Fed. R. Civ. P. 30(b)(6) designee;**

17. **The deposition of the Defendant's Fed. R. Civ. P. 30(b)(6) designee is scheduled for November 13, 2026;**

18. **The deposition of Plaintiff is scheduled for November 20, 2026; and**

19. **The parties have continued to collect and exchange Plaintiff's extensive medical records and billing, including records related to her pre-existing lung cancer history, a subsequent intracerebral (occipital) hemorrhage and related brain surgery, a diagnosed brain metastasis, and pre-existing cervical spine degenerative disease.**

## II. Discovery Remaining To Be Completed

1. The deposition of Defendant's Fed. R. Civ. P. 30(b)(6) designee;
2. The deposition of Plaintiff;
3. Depositions of fact witnesses;
4. Site inspection of the premises, to be conducted after the 30(b)(6) depositions conclude;
5. Fed. R. Civ. P. 35 examination of Plaintiff;
6. Retention and disclosure of liability experts, to occur after the 30(b)(6) depositions conclude;



Richard Harris Law Firm

RICHARD HARRIS LAW FIRM

7. Retention and disclosure of causation and damages experts;
8. Supplemental disclosures as additional medical records are received; and
9. Deposition of expert witnesses;
10. Supplemental initial disclosures; and
11. Supplemental expert reports/disclosures.

## III. Reasons Why Discovery Was Not Completed Within the Time Set By the Discovery Plan.

The Court entered the operative Discovery Plan and Scheduling Order on August 27, 2026 (ECF Nos. 6, 7), setting a discovery cut-off of January 11, 2027. Since that time, counsel have exchanged initial disclosures, served and responded to written discovery, and have been diligently collecting and reviewing Plaintiff's voluminous medical records, as detailed in Section I above.

First, the parties need more time to complete a critical sequence of fact discovery before they can meaningfully retain liability experts. Shortly after Plaintiff received Defendant's written discovery responses and first supplemental disclosure, the parties exchanged proposed topics for Fed. R. Civ. P. 30(b)(6) depositions of Defendant, currently scheduled for November 13, 2026. Plaintiff's deposition is currently scheduled for November 20, 2026.

The parties have agreed that the site inspection of the subject premises, as well as the retention and disclosure of liability experts, should occur after the 30(b)(6) depositions conclude, because the testimony obtained in those depositions, concerning the entities' respective knowledge, policies, procedures, maintenance practices, and inspection protocols, will be critical to the formation and scope of the liability experts' opinions. Proceeding with a site inspection or liability expert retention before the 30(b)(6) depositions conclude would risk requiring duplicative work, incomplete expert opinions, or supplemental expert disclosures, none of which serves the interests of efficiency or the Court.

Second, this diligent review of Plaintiff's medical history confirms that it is unusually complex and includes multiple significant, overlapping conditions unrelated to, or only partially related to, the subject incident, requiring careful record collection and expert analysis before the

RICHARD HARRIS LAW FIRM

Court can properly evaluate causation and damages. Specifically, the records obtained to date reflect:

- A pre-existing history of left lower lobe lung cancer, status post lobectomy, with later progression to Stage 4 metastatic disease, including a left occipital brain metastasis requiring craniotomy and tumor resection;
- A subsequent, medically related intracerebral hemorrhage (left occipital lobe) in April 2025, months after the subject fall, requiring ICU admission, blood pressure management, and extensive neurological workup, which is documented separately from the fall-related injuries; and
- Pre-existing cervical spine degenerative disease.

A Fed. R. Civ. P. 35 examination of the Plaintiff will likely be required but cannot be completed until all medical records have been collected and Plaintiff's deposition has been completed. The parties are working to try to coordinate the examination.

Together with the liability-expert sequencing described above, the parties require the requested additional time to complete the Fed. R. Civ. P. 30(b)(6) depositions, conduct the site inspection, complete the exchange of outstanding medical records and billing, take Plaintiff's deposition, take remaining fact witness depositions, complete the Rule 35 examination and retain and disclose qualified liability, causation, and damages experts.

The requested sixty-day extension is modest compared to previously requested ninety-day extension and reflects the parties' continued active pursuit of discovery during the initial discovery period, consistent with the Court's directive. No trial date has been set in this matter, and the proposed deadlines below do not affect any scheduled trial or pretrial conference. The earliest deadline affected by this request is currently set for October 13, 2026, and this Stipulation is submitted twenty-one days before that deadline.

## IV. PROPOSED SCHEDULE FOR COMPLETING DISCOVERY

Based on the foregoing, the proposed schedule for completing discovery is as follows:

| Discovery Deadline | Current Deadline | Proposed Deadline |
|---|---|---|
| Motion to Amend/Add Parties | October 13, 2026 | **Expired** |
| Initial Expert Disclosures | November 12, 2026 | **January 11, 2027** |

| Discovery Deadline | Current Deadline | Proposed Deadline |
|---|---|---|
| Rebuttal Expert Disclosures | December 13, 2026 | **February 11, 2027** |
| Discovery Cut-Off Date | January 11, 2027 | **March 12, 2027** |
| Dispositive Motions | February 10, 2027 | **April 12, 2027** |
| Joint Pre-trial Order, if no Dispositive Motions | March 12, 2027 | **May 11, 2027** |

Dated 22nd day of October, 2026.

**RICHARD HARRIS LAW FIRM**

_/s/__Jonathan B. Lee
Jonathan B. Lee, Esq.
Nevada Bar Number 13524
801 South Fourth Street
Las Vegas, Nevada 89101
*Attorneys for Plaintiff*
*Soo Fun Gomberg*

Dated 22nd day of October, 2026.

**HUTCHISON & STEFFEN, PLLC**

/s/ Edgar Carranza, Esq.
Edgar Carranza, Esq.
Nevada Bar Number 5902
Peccole Professional Park
10080 West Alta Drive, Suite 200
Las Vegas, Nevada 89145
*Attorneys for Defendant Costco Wholesale Corp.*

**ORDER**

**IT IS SO ORDERED this 22nd day of October, 2026.**

United States Magistrate Judge

RICHARD HARRIS LAW FIRM